(92 Misc. Rep. 213)

TENEMENT HOUSE DEPARTMENT OF CITY OF NEW YORK v.
MEYERSON.

(Supreme Court, Appellate Term, First Department. November 3, 1915.)

1. MUNICIPAL CORPORATIONS &=>633—TENEMENT HOUSE REGULATION—RE-
COVERY OF PENALTIES.

In an action to recover a penalty for fire escape violations, where a violation was proved without contradiction, it was error to direct judgment for defendant on the ground that it would be harsh and beyond the contemplation of the statute to impose the penalty, because defendant had filed plans for the improvement of the building eliminating the violations, and had subsequently removed such violations, as the court cannot suspend statutory penalties because in an individual case it may seem unfair and inequitable to enforce the law.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1390–1399; Dec. Dig. &=>633.]

2. MUNICIPAL CORPORATIONS &=>601—"TENEMENT HOUSE"—REGULATION.

A tenement house does not cease to be a "tenement house" whenever the number of tenancies drops for the time being below three.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1333; Dec. Dig. &=>601.

For other definitions, see Words and Phrases, First and Second Series, Tenement House.]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action for a penalty by the Tenement House Department of the City of New York against Charles S. Meyerson. From a judgment in favor of defendant, rendered by the court, plaintiff appeals. Reversed, and judgment directed for plaintiff.

Argued October term, 1915, before BIJUR, PAGE, and SHEARN, JJ.

Lamar Hardy, of New York City (John P. O'Brien and F. E. V. Dunn, both of New York City, of counsel), for appellant.

Jacob Manheim, of New York City, for respondent.

SHEARN, J. [1, 2] This action is one to recover a penalty of $50 for the existence of fire escape violations. Despite the fact that item 3 of the violations was proved to exist without any contradiction, the court directed judgment for the defendant. The court's view seems to be that, because the defendant filed plans for the improvement of the building, which included doing away with the violations, and because the violations were subsequently removed, it would be harsh and beyond the contemplation of the statute to impose the penalty. It is not within the power of the court to suspend penalties which the

Legislature has provided for violations of law, because in an individual case it may seem unfair and inequitable to enforce the law. There is no force in the argument of the respondent that a tenement house ceases to be a tenement house whenever the number of tenancies drops for the time being below three.

Judgment reversed, with $30 costs, and judgment directed in favor of the plaintiff against the defendant for $50 and appropriate costs in the court below. All concur.